Singh v. Barr

BIA
Poczter, IJ
A202 068 909

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of July, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

HARBHAJAN SINGH,
> *Petitioner,*

v.                                                              18-1814
                                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant Attorney
                          General; Linda S. Wernery,
                          Assistant Director; Gerald M.
                          Alexander, Trial Attorney, Office
                          of Immigration Litigation, United
                          States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harbhajan Singh, a native and citizen of India, seeks review of a May 17, 2018, decision of the BIA affirming a July 5, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harbhajan Singh,* No. A202 068 909 (B.I.A. May 17, 2018), *aff'g* No. A202 068 909 (Immig. Ct. N.Y. City July 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each statement,

2

the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. In this case, substantial evidence supports the adverse credibility determination given multiple inconsistencies regarding the details of the two alleged attacks against Singh and related events.

Singh alleged that members of the Badal Party attacked him twice in 2014 because he was a member of the Shiromani Akali Dal Amritsar Party ("SADA"). The agency reasonably relied on several inconsistencies and variations in Singh's descriptions of the two attacks. As to the first attack, Singh testified that the assailants asked him whether he worked for SADA, but he later testified that they did not ask him this question; and Singh testified that his attackers

3

told him that they were members of the Badal party, but he later testified that they had not identified themselves but had asked him to join their party. As to the second attack, he testified that his assailants did not say anything during the attack, but his mother's and wife's affidavits stated that the attackers threatened to kill him if he continued to work for SADA. Singh also stated during his credible fear interview that the assailants searched his body after he fell to the ground and pretended to lose consciousness, but he did not testify at his hearing that they searched his body. Although these inconsistencies are not glaring, an IJ may rely on the "cumulative effect" of minor inconsistencies, *see Xiu Xia Lin*, 534 F.3d at 167 (internal quotation marks omitted), and we do not second-guess an IJ's finding, where, as here, it is a "permissible view[] of the evidence," *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (internal quotation marks omitted).

The agency also reasonably relied on several other inconsistencies between Singh's testimony and witness affidavits. *See* 8 U.S.C. §1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Singh testified that after his first attack, his mother accompanied him to the police station, but his

4

mother's, wife's, and neighbor's affidavits stated that his father accompanied him. When asked to explain this discrepancy, Singh stated the affidavits were mistakenly referring to the second attack. However, the record shows each affidavit described the first attack when stating that Singh's father went with him to the police station. The IJ thus was not compelled to credit Singh's explanation that three individuals made the same error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). Singh also testified that his mother did not attend SADA events; however, his mother's affidavit stated that she did, or at least that she "used to." When asked to explain this discrepancy, Singh changed his testimony to state both that everyone in his family attended and that his

mother attended events before he joined the party.

Given that the record supports the inconsistencies identified by the IJ, the agency reasonably relied on Singh's failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The affidavits from Singh's mother, wife, and neighbor were inconsistent with his testimony and the IJ reasonably declined to give weight to these or other letters because his mother and wife were interested witnesses and none of the authors were available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter from China).

Accordingly, given Singh's inconsistencies and the lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of

asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court